McGREGOR W. SCOTT
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00064-JAM |
| Plaintiff, | STIPULATION AND ORDER EXCLUDING TIME FROM THE SPEEDY TRIAL ACT |
| v. | |
| CESAR ERENDIRA NAVA, et al., | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Assistant United States Attorney Jason Hitt, counsel for the plaintiff United States of America, and defendant Cesar Erendira Nava, by and through his counsel, Clemente Jimenez, Esq, defendant Georgina E. Lopez Quintero, by and through her counsel, Toni White, Esq., and defendant Alfonso Rivera, Jr., by and through his counsel, Michael Long, Esq., that time should be excluded from the Speedy Trial Act between April 7, 2020, to June 23, 2020, at 9:15 a.m.. This stipulation is made pursuant to the findings made by this Court in this District's General Order Numbers 611, 612, and 617, and the reasons detailed below.

On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19. On March 18, 2020, this Court issued General Order 612, which closed all courthouses of the United States District Court for the Eastern

STIPULATION AND [PROPOSED] ORDER

1

1  District of California shall be closed to the public and limited access to a narrow class of authorized
2  persons.  On April 17, 2020, this Court issued General Order 617.  General Order 617 suspends all jury
3  trials scheduled to commence before June 15, 2020.

4  Although General Order 611 addresses the district-wide health concern, the Supreme Court has
5  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
6  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
7  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
8  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*
9  at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
10 judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either
11 orally or in writing").

12 Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
13 and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances
14 are excludable only if "the judge granted such continuance on the basis of his findings that the ends of
15 justice served by taking such action outweigh the best interest of the public and the defendant in a
16 speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets
17 forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice
18 served by the granting of such continuance outweigh the best interests of the public and the defendant in
19 a speedy trial."  *Id.*

20 General Order 611 excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
21 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
22 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
23 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
24 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
25 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
26 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
27 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
28 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).

## STIPULATION TO PROPOSED FINDINGS

1. By previous order, this matter was set for a status conference on April 7, 2020. Docket No. 196.

2. By this stipulation, the parties now move to exclude time from the Speedy Trial Act between April 7, 2020, and June 23, 2020, under Local Code T4.

   a) The United States and defense counsel in this case agree that counsel for each defendant are continuing to prepare a defense to the charges in this case. In addition, each defense counsel has been engaged in its own investigation in support of defending the charges in this case, or seeking a resolution if possible.

   b) The additional time between April 7, 2020, and June 23, 2020, will provide counsel for each defendant time to continue reviewing the discovery, conduct investigation, consider the resolution options, and conduct research related to the charges, prepare pretrial motions, and prepare for a future trial.

   c) The United States believes that failure to grant the above-requested continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the following factors are present.

   - A status conference hearing on April 7, 2020, would have required each defendant to be transported from into Court from their respective holding facilities. Such an endeavor would create a needless risk to each defendant, the Court staff, the staffs of their Jails, and the deputies from the United States Marshals Service at a time when everyone is being encouraged to telework and minimize personal contact to

1
2
3   the greatest extent possible.  Such an avoidable court appearance would have placed each defendant and various staffs at unnecessary risk of exposure to COVID-19.

4   e)      Based on the above-stated findings, the ends of justice served by continuing the
5   case as requested outweigh the interest of the public and the defendant in a trial within the original date
6   prescribed by the Speedy Trial Act.

7   f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
8   et seq., within which trial must commence, the time period of April 7, 2020, to June 23, 2020, inclusive,
9   is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results
10  from a continuance granted by the Court at defendant's request on the basis of the Court's finding that
11  the ends of justice served by taking such action outweigh the best interest of the public and the
12  defendants in a speedy trial.

13  Nothing in this stipulation and proposed order should preclude a finding that other provisions of
14  the Speedy Trial Act dictate that additional time periods are excludable from the period within which a
15  trial must commence.

The parties further stipulate that the ends of justice are served by the Court excluding time from April 7, 2020, to June 23, 2020, so that counsel for the defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Specifically, the defense agrees that it needs time to continue reviewing discovery and effectively evaluating the posture of the case, and conducting investigation into any possible defenses each defendant may have to the charges. *Id.* For these reasons, the defendants, defense counsel, and the government stipulate and agree that the ends of justice outweigh the best interest of the public and each defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); Local Code T4.

DATED: April 28, 2020　　　　　　　　　　　/s/Jason Hitt
　　　　　　　　　　　　　　　　　　　　　　JASON HITT
　　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

DATED: April 28, 2020　　　　　　　　　　　/s/Jason Hitt for Mr. Jimenez
　　　　　　　　　　　　　　　　　　　　　　CLEMENTE JIMENEZ, ESQ.
　　　　　　　　　　　　　　　　　　　　　　Counsel for defendant
　　　　　　　　　　　　　　　　　　　　　　Cesar Nava
　　　　　　　　　　　　　　　　　　　　　　Authorized to sign for Mr. Jimenez
　　　　　　　　　　　　　　　　　　　　　　on April 28, 2020

DATED: April 28, 2020　　　　　　　　　　　/s/Jason Hitt for Ms. White
　　　　　　　　　　　　　　　　　　　　　　TONI WHITE, ESQ.
　　　　　　　　　　　　　　　　　　　　　　Counsel for defendant
　　　　　　　　　　　　　　　　　　　　　　Georgina Lopez
　　　　　　　　　　　　　　　　　　　　　　Authorized to sign for Ms. White on
　　　　　　　　　　　　　　　　　　　　　　April 28, 2020

DATED: April 28, 2020　　　　　　　　　　　/s/Jason Hitt for Mr. Long
　　　　　　　　　　　　　　　　　　　　　　MICHAEL LONG, ESQ.
　　　　　　　　　　　　　　　　　　　　　　Counsel for defendant
　　　　　　　　　　　　　　　　　　　　　　Alphonso Rivera
　　　　　　　　　　　　　　　　　　　　　　Authorized to sign for Mr. Long on
　　　　　　　　　　　　　　　　　　　　　　April 28, 2020

STIPULATION AND [PROPOSED] ORDER　　　5

# O R D E R

Based upon the representations by counsel and the stipulation of the parties, IT IS HEREBY ORDERED that:

Based upon the representations and stipulation of the parties, the Court finds that the time exclusion under 18 U.S.C. § 3161(h)(7)(A) and Local Code T4 apply and the ends of justice outweigh the best interest of the public and the defendant in a speedy trial based upon the factors set forth in 18 U.S.C. § 3161(h)(7)(B)(iv).  Accordingly, time under the Speedy Trial Act shall be excluded up to and including June 23, 2020.

**IT IS SO ORDERED.**

DATE:  4/29/2020                              /s/ John A. Mendez
                                                                       JOHN A. MENDEZ
                                                                       UNITED STATES DISTRICT COURT JUDGE