HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
CESAR ERENDIRA NAVA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CESAR ERENDIRA NAVA,<br><br>Defendant. | No. 2:17-cr-00064-JAM-1<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: The Honorable JOHN A. MENDEZ |

Defendant, CESAR ERENDIRA NAVA, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision").  *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023).  The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024.  See USSG § 1B1.10(e)(2) (Nov. 1, 2023), 88 Fed. Reg. 60534;

3. On September 13, 2022, this Court sentenced Mr. Erendira Nava to 105 months imprisonment;

4. Mr. Erendira Nava's total offense level was 35.  He received 1 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d), for a total criminal history score of 3, which placed him in criminal history category II.  The resulting guideline range was 188 to 235 months.  Mr. Erendira Nava was not subject to the applicable statutory mandatory minimum sentence for the reasons stated in Section II.B. of the Statement of Reasons;

5. The sentencing range applicable to Mr. Erendira Nava was subsequently lowered by the zero-point provision;

6. Mr. Erendira Nava is eligible for a reduction in sentence, which reduces his criminal history score to 1, lowering his criminal history category from II to I, resulting in an amended advisory guideline range of 168 to 210 months;

7. When the defendant's original sentence was below the applicable guideline range, the court may, in accordance with the exception set forth in USSG § 1B1.10(b)(2)(B), grant a comparable reduction below the amended guideline range, which in this case is 168 months;

8. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Erendira Nava's term of imprisonment to 94 months.  If the amount of time served as of the effective date of the Court's order exceeds 94 months, the sentence is instead reduced to a sentence of time served, in which case, the order should be stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning;

The following statements are provided by Mr. Erendira Nava and the United States, respectively, and are not part of the parties' stipulation;

1. <u>Mr. Erendira Nava's statement regarding the stipulation</u>:  Defendant's counsel

enters into this stipulation after having examined the pertinent documents, including the plea agreement, the presentence report, statement of reasons, and judgment, and speaking with trial counsel.  Mr. Erendira Nava's projected release date is May 29, 2024.  Ordered detained pretrial, Mr. Erendira Nava was a pod worker at the Sacramento County Jail, where he was in continuous pretrial custody since April 19, 2017.  Notwithstanding a lengthy pretrial custody of more than three-and-a-half years, he was sanctioned for misconduct only once:  for having "a large quantity of multi-colored markers in [his] cell."  PSR at 4, ¶ 3.  He has three children and while he was not ordered by a court to pay child support, he nonetheless supports them financially and has a good relationship with them.  *Id*. at 10, ¶ 50.  He will likely be deported on release.  *Id*. at 2.

       THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.

2.  United States' statement regarding its stipulation:

The defendant pleaded guilty, pursuant to a written plea agreement, to count seven of a seven-count Indictment charging him with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  PSR ¶ 1.  The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 362; Statement of Reasons ("SOR"); Judgment, ECF No. 368; and defendant's Bureau of Prisons ("BOP") disciplinary history, and after conferring with the prosecuting Assistant United States Attorney.

As of March 12, 2024, BOP records indicate that Defendant sustained one disciplinary incident while in BOP custody for refusing to work on April 26, 2023.  Nava's current projected release date is May 29, 2024.

Respectfully submitted,

Dated:  March 21, 2024

PHILLIP A. TALBERT
United States Attorney

 /s/ *Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:  March 21, 2024

HEATHER E. WILLIAMS
Federal Defender

 /s/  *David M. Porter*
DAVID M. PORTER
Assistant Federal Defender

Attorney for Defendant
CESAR ERENDIRA NAVA

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Erendira Nava is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces the criminal history score to1, and his criminal history category from II to I, resulting in an amended guideline range of 168 to 210 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b)(2)(B), the term of imprisonment imposed in September 2022 is reduced to 94 months.  If the amount of time served as of the effective date of this order exceeds 94 months, the sentence is instead reduced to a sentence of time served, in which case, the order may be stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare amended judgment reflecting the above reduction in sentence, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Erendira Nava shall report to the United States Probation Office within seventy-two hours after his release.

Dated: March 26, 2024                    /s/ John A. Mendez
                                         THE HONORABLE JOHN A. MENDEZ
                                         SENIOR UNITED STATES DISTRICT JUDGE